UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Leon Spanier and Julie Spanier, *as Trustees of the Spanier Family Trust*, | Case No. 21-cv-1618 (WMW/LIB) |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Fish and Wildlife Service, | |
| Defendant. | |

---

Before the Court is Defendant United States Fish and Wildlife Service's (USFWS) motion to dismiss Plaintiffs Leon Spanier and Julie Spanier's (Spaniers) complaint. (Dkt. 10.)  For the reason addressed below, the Court grants the USFWS's motion to dismiss.

## BACKGROUND

The Spaniers filed this lawsuit against the USFWS, alleging that the USFWS's flooding activities on property adjacent to the Spaniers' property rendered five acres of the Spaniers' property "entirely unusable for agricultural or reasonable residential means." Before commencing this lawsuit, on October 29, 2020, the Spaniers delivered to the USFWS a copy of the Spaniers' claim under the Federal Tort Claims Act (FTCA) alleging damage to their property.  Because the Spaniers did not receive a response from the USFWS in the six months following their delivery of the claim, the period of time established by statute for the USFWS to adjudicate a claim, the Spaniers commenced this lawsuit on July 15, 2021.  The USFWS contends that the Court lacks subject-matter

jurisdiction because of the Spaniers' failure to comply with statutory requirements and asks this Court to dismiss the Spaniers' complaint.

## ANALYSIS

The USFWS seeks dismissal of the Spaniers' complaint for lack of subject-matter jurisdiction, arguing that the Spaniers failed to comply with the requirements of the FTCA. *See* 28 U.S.C. §§ 2671 *et seq*. The parties dispute whether the Spaniers' alleged failure to comply with the FTCA's presentment requirement precludes the Court from adjudicating this matter because the Court lacks subject-matter jurisdiction.

A defendant may challenge a plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R. Civ. P. 12(b)(1); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quoting *Mechaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack challenges the existence of subject-matter jurisdiction irrespective of the allegations in the complaint. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015). When a facial attack is asserted, a court looks only at the pleadings to determine whether a plaintiff's allegations provide a sufficient basis for subject-matter jurisdiction; the non-moving party receives the same protections as those granted when a court decides a motion under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 914. Here, because the USFWS raises a factual challenge to the

Court's subject-matter jurisdiction, the Court may consider materials outside the pleadings. *Id.* at 915.

The United States government is entitled to sovereign immunity, *see U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992), and that immunity extends to federal agencies such as the USFWS, *see In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005) (observing that North Dakota could not enforce state standards against the United States Army Corps of Engineers, a federal agency, "unless Congress has unequivocally waived the federal government's sovereign immunity from suit"). An express congressional waiver is required to subject a federal agency to suit. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d at 917.

The FTCA waives the sovereign immunity of the federal government and its agencies as to liability for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *accord Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016). Before a claimant may bring an action under the FTCA in federal court, however, the claimant must (1) present the claim in writing to the appropriate federal agency within two years after the claim accrues and (2) permit the federal agency six months following the filing of such claim to render a disposition thereupon. 28 U.S.C. §§ 2401(b), 2675(a).

Federal regulations expand the requirements of Section 2675(a), providing that, in order to properly present a claim, a claimant's filing must include: (1) "an executed Standard Form 95 or other written notification of an incident," (2) "a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by

3

reason of the incident," and (3) "the title or legal capacity of the person signing . . . accompanied by evidence of his authority to present a claim on behalf of the claimant." 28 C.F.R. § 14.2(a).  "[C]ompliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011); *accord Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (observing that "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant").  "[A] properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Mader*, 654 F.3d at 803; *accord After v. United States*, 511 F. App'x 596, 597 (8th Cir. 2013) (affirming district's court dismissal of a FTCA claim brought by a grandmother who failed to present evidence of her authority to bring a claim on behalf of her minor grandson).  "[T]he administrative presentment requirement serves a practical purpose—it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader*, 654 F.3d at 800–01.

Here, the USFWS contends that the Spaniers failed to satisfy the presentment requirement, a jurisdictional prerequisite to a FTCA suit.  Specifically, the USFWS notes that the Spaniers' administrative tort claim did not state that the Spaniers were acting on behalf of any trust, did not identify a trust as a claimant and did not suggest that the Spaniers had the authority to act on behalf of a trust.  The Spaniers concede that they failed to state in their administrative tort claim that they are the trustees of the Spanier Family Trust and failed to include evidence of that trusteeship.  But, the Spaniers argue, because they now

4

attach evidence of their trusteeship to their response to the USFWS's motion to dismiss, the Spaniers committed only a "minor deviation from the presentment requirement"—a deviation that the Court should excuse.

A "jurisdictional precondition to filing an FTCA suit in federal district court" is just that—a prerequisite to filing suit in federal court. *Mader*, 654 F.3d at 805. The presentment requirements mandate that a claimant present evidence of authority to act on behalf of the claim's beneficiary. *See id.* at 803; *After*, 511 F. App'x at 597. The Spaniers failed to satisfy the presentment requirement because their administrative claim neither stated nor evinced the Spaniers' authority to act on behalf of the Spanier Family Trust. For this reason, the Court grants the USFWS's motion to dismiss for lack of subject-matter jurisdiction.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant United States Fish and Wildlife Service's motion to dismiss, (Dkt. 10), is **GRANTED**.

2. Plaintiffs Leon Spanier and Julie Spanier's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 23, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge